The Estate of Michael Clohessy, Deceased.

Argued April 22, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Jas. L. Kennedy,* for appellants, cited: Swieczkowski v. Sypniewski, 294 Pa. 323; Reynolds v. Williams, 282 Pa. 148.

*Harry L. Allshouse,* for appellee, cited: Steele v. Snyder, 295 Pa. 120-127; Wieder v. Miller, 52 Pa. Superior Ct. 198-202.

OPINION BY GAWTHROP, J., July 10, 1930:

This is an appeal from the decree of the orphans' court of Westmoreland County, dismissing exceptions to a schedule of distribution in the estate of Michael Clohessy, deceased, to the allowance by the court of the sum of $1,100 to appellee, an attorney-at-law, for professional services rendered decedent in an income tax matter in his lifetime. The evidence presented by appellee in the court below, which was not met by appellants by any countervailing proof, fully sustains the following statement of facts: On March 13, 1919, decedent sold to Westmoreland Coal Company for $50,907.50 certain mining rights in coal under his land. In his income tax return to the Federal Government for that year he made a statement in respect to the profits on this sale. In August, 1924, the Internal Revenue Department of the Government instituted an investigation of this return, particularly with reference to the profits on the sale of the mining rights, and in October, 1924, notified decedent of its assessment of an additional tax, amounting to $9,749.15, for the year 1919. It is admitted that appellee was retained by decedent to endeavor to have the amount of the tax reduced, and that he took entire charge of the matter. A formal power of attorney to authorize appellee to represent the taxpayer was executed and appellee filed the same in the Internal Revenue Department in Washington, D. C., and through his efforts before that Department obtained a reduction of the tax from $9,749.15 to $963.14. Decedent decided to take an appeal

to the United States Board of Tax Appeals and appellee prepared an appeal and filed it on Monday, June 29, 1925, which was sixty-one days from April 29, 1925, the date of the mailing of the official notice of the reduced assessment. At that time such an appeal had to be filed within sixty days of the date of the mailing of the notice of the assessment. The Board decided that the fact that the sixtieth day fell on Sunday did not authorize the filing of the appeal on the following day and accordingly dismissed the appeal on November 16, 1925. Appellee presented to the estate a claim for $2,-125.21 for his services and cost of two trips to Washington. There is no suggestion in the record that appellee received anything on account of his services or expenses. For the purpose of establishing what is a reasonable compensation for the services rendered by him to decedent appellee called a number of attorneys of high standing at his local bar, who testified that the alleged services, involving the necessity of substantiating before the Revenue Department the value of mining rights sold in 1919, were worth from twenty to thirty per cent. of the amount saved for the client. As already stated appellants produced no evidence to the contrary but contented themselves with attempting to minimize the services rendered and suggesting and urging in the court below, as they do here, that appellee's negligence in failing to file the appeal within the sixty day period deprives him of his right to any compensation.

In this appeal counsel for appellants state three questions as involved and thereby limit our consideration to them. One of the questions may be stated briefly to be whether appellee's failure to file the appeal from the tax assessment within the time required is a reason for forfeiting his whole fee. In view of the facts that he saved the estate $8,786.01, and that there is no suggestion that the appeal would have been sustained and the taxpayer exempted from all tax, if

it had been considered, and the fact that the general rule is that when the last day for doing an act required to be done within a certain time falls on Sunday, it can be performed on the following day, and all the other circumstances of the case, we agree with the court below that appellee was not guilty of any such negligence in the performance of his duties as should deprive him of all reasonable compensation. From the record it seems to us that he handled the business skillfully and with marked success.

The only remaining question fairly raised by plaintiff's statement of the questions involved is whether the evidence justifies the conclusion of the court below that the compensation allowed appellee was fair and reasonable. We are of one mind that it does. Although it is true that appellee did not prove that he performed every item of service mentioned in the hypothetical question propounded to the lawyers, who expressed their opinion as to what would be a fair and reasonable charge for such services, at least one of these witnesses grounded his opinion on his idea of the amount of time and labor required to present such a claim as that which appellee presented before the Internal Revenue Department, and fixed a fee of $2,000 as fair and reasonable. The amount allowed by the court below was well below the minimum fixed by these witnesses and, as we regard it fully justified by the evidence, we may not interfere. We deem it unnecessary to cite authorities for the familiar principle that an attorney is entitled to fair and reasonable compensation for services rendered.

The decree is affirmed.